EDMONDSON, Chief Judge,
dissenting:
I would affirm the district court’s decision to remand to state court the remaining claims. I think today’s court extends the judge-made filed-rate doctrine too far: Congress intended not to remove from the states the power to prevent deceptive trade practices along the lines alleged by Hill in her claims for violation of the Georgia Unfair Trade Practices Act and for fraud and negligent misrepresentation. Cf. AT&T v. Central Office Tel., Inc., 524 U.S. 214, 118 S.Ct. 1956, 1966-67, 141 L.Ed.2d 222 (1998) (Rehnquist, C.J. concurring) (stating, “The filed rate doctrine’s purpose is to ensure that the filed rates are the exclusive source of the terms and conditions by which the common carrier provides to its customers the services cov *1318 ered by the tariff. It does not serve as a shield against all actions based in state law.”).